IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SYLVANA LUCIANI,

        Plaintiff,

  vs.                                    No. CIV 06-426 JH/LFG

JAQULIN C. INGLE, *et al.*,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## QUASHING SUBPOENAS

THIS MATTER is before the Court on Defendant New Mexico Department of Labor's objections to subpoenas served by Sylvana Luciani [Doc. 13]. For the reasons stated herein, the Court sustains Defendant's objections.

On June 28, 2006, the Court issued an order temporarily staying discovery. [Doc. 7]. That order was lifted on August 1, 2006 [Doc. 9], and the Court reinstated the discovery deadlines contained in its June 28 order. [Doc. 7].

Pursuant to the Court's order, discovery was to terminate on November 28.

The Court's Initial Pretrial Report [Doc. 8] provides in part:

> [T]he termination date for discovery is November 27, 2006, and discovery shall not be reopened, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be <u>completed</u> on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take depositions shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

[<u>Id.</u>, p. 7].

On November 21, 2006, Plaintiff served twelve subpoenas on Defendant, requesting voluminous documents and information. The subpoenas require the production of the information by November 28. Indeed, given the date of service, Defendant is afforded only two working days within which to accumulate all of the information requested by Plaintiff. This is clearly unreasonable.

The Rules of Civil Procedure, in particular Rule 45(c)(2)(B), afford Defendant 14 days within which to file objections. Moreover, under Rule 45(c)(3)(A), the Court is authorized to quash a subpoena if it (i) fails to allow reasonable time for compliance.

The Court finds that the subpoenas are untimely in that the documents cannot be produced within the time limits outlined by the Court in its Initial Scheduling Order. Secondly, the Court finds that the subpoenas, on their face, are unreasonable in that voluminous documents would have to be produced with only two working days. [1]

Accordingly, the Court determines that the Defendant's objections are well-taken, the subpoenas are quashed, and Defendants need not respond further.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge

---

[1] Rule 45(c)(2)(B) also provides that if objection is made the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Because the objections in this case are obviously well-taken, in that Plaintiff's subpoenas "fai[l] to allow reasonable time for compliance" and therefore clearly violate Rule 45, the Court determines that a motion to compel would be futile and finds that an order quashing the subpoenas is appropriate at this time.