# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**SYLVANA LUCIANI,**

      **Plaintiff,**

**vs.**             **Civ. No. 06-426 JCH/LFG**

**JAQULIN C. INGLE, et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, filed October 25, 2006 [Doc. No. 10]. The Court having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be denied.

## DISCUSSION

Defendants maintain that Plaintiff has failed to serve Defendants pursuant to the requirements of the law, and that the Court therefore does not have personal jurisdiction over Defendants. Defendants further contend that Plaintiff cannot remedy this defect in personal jurisdiction because Plaintiff had only 120 days to serve Defendant, and that that time period expired on September 15, 2006.

Federal Rule of Civil Procedure 4(m) provides in relevant part,

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service

for an appropriate period.

Defendants maintain that to obtain an extension of time under Rule 4(m), Plaintiff was required to show good cause for her failure to effect timely service. Defendants cite *Espinoza v. United States*, in which the Tenth Circuit held that "[t]he preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. . . . If good cause is shown, the plaintiff is entitled to a mandatory extension of time." 52 F.3d 838, 841 (10th Cir. 1995). Defendants fail to recognize, however, that in the very next sentence, the *Espinoza* court stated that "[i]f the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." *Id.*

Plaintiff has failed to set forth good cause for her failure to serve Defendants and therefore is not entitled to a mandatory extension of time under Rule 4(m). The Court's inquiry, however, does not end here. The Court still must consider whether Plaintiff is entitled to a permissive extension of time. Having considered the facts of this case, the Court concludes that Plaintiff is entitled to a permissive extension of time.

On April 18, 2006, Plaintiff filed her complaint in the Second Judicial District Court of the State of New Mexico. Defendants undertook the affirmative defensive action of removing the case to federal court on May 18, 2006, before Plaintiff had effected service on any of the named Defendants. Defendants noted in the Notice of Removal that service had not been effected. On June 23, 2006, the parties filed their provisional discovery plan. On June 27, 2006, the parties attended a Rule 16 initial scheduling conference. On June 28, 2006, Defendants filed a certificate of service indicating that they had served their initial disclosures on Plaintiff. On July 13, 2006, the Court

entered the Initial Pre-Trial Report (IPTR) prepared by the parties. At no point during this time period did Defendants raise the defense of improper service or lack of personal jurisdiction.

Moreover, in the IPTR, Defendants did not indicate in that they were raising the defenses of improper service or lack of personal jurisdiction. In setting forth their contentions, Defendants only claimed that they were not motivated by an intent to retaliate against Plaintiff, that Plaintiff's complaint fails to state a claim for relief under Rule 12(b)(6), and that Plaintiff's complaint is so vague as to render it subject to dismissal under Rule 8. *See* IPTR at 6. Moreover, Defendants represented to this Court and Plaintiff that they only intended to file a pretrial motion to dismiss under Rule 12(b)(6) and Rule 8; Defendants did not indicate that they intended to file a motion to dismiss based upon Rule 12(b)(2) (lack of personal jurisdiction), 12(b)(4) (insufficiency of process), or 12(b)(5) (insufficiency of service of process). *See* IPTR at 19.

Defendants first objected to personal jurisdiction and service of process on October 25, 2006, when Defendants filed the instant motion to dismiss for lack of personal jurisdiction. Based upon the foregoing facts, the Court can only conclude that Defendants chose to conceal their intention to object to personal jurisdiction and service of process until such time as the 120-day time limit for service of process had expired under Rule 4(m). If the Court dismisses Plaintiff's complaint for failure to comply with Rule 4(m), Plaintiff would be barred by the statute of limitations from refiling her complaint. The Court concludes that this would be a miscarriage of justice given the history of this case. Accordingly, the Court grants Plaintiffs a permissive extension of time under Federal Rule of Civil Procedure 4(m) to effect proper service upon Defendants. Because the Court has granted this extension, Defendants' motion to dismiss for lack of personal jurisdiction is premature and therefore denied.

## CONCLUSION

For the foregoing reasons, **IT THEREFORE IS ORDERED** that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, filed October 25, 2006 [Doc. No. 10], is hereby **DENIED**.

**IT FURTHER IS ORDERED** that Plaintiff shall have until Friday, December 29, 2006, to effect proper service of the summons and complaint upon Defendants, and that Defendants shall have thirty (30) days from the date of service to answer or otherwise respond to the summons and complaint.

Dated this 14th day of December, 2006.

_____
**JUDITH C. HERRERA**
**UNITED STATES DISTRICT JUDGE**