IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SYLVANA LUCIANI,

          **Plaintiff,**

vs.                                                                     Civ. No. 06-426 JCH/LFG

JAQULIN C. INGLE, et al.,

          **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss Complaint, filed January 16, 2007 [Doc. 28]. The Court having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the motion is well taken and will be granted.

## BACKGROUND

Plaintiff filed a Complaint for Denial of Equal Protection and First Amendment Retaliation (Political Association) Under Color of State Law Resulting in Wrongful Termination of Employment, and for Punitive Damages in state court on April 18, 2006, and defendants removed the case to federal court on May 18, 2006 [Doc. 1]. The history of this case is somewhat unusual because a substantially similar complaint was filed by the plaintiff against all but one of these defendants[1] in May of 2005. (For convenience, the May 2005 complaint and proceedings thereon are hereinafter referred to as "the prior litigation.") The prior litigation also began in state court and was removed to federal court. *See Luciani v. Ingle et al.*, No. CV 05-713 JAP/ACT (D.N.M).

---

[1] Terry Othick is a defendant here, and although not a defendant in the prior litigation, his name is referenced in the body of the first complaint as a defendant. *See* Prior Litig. Compl. ¶¶ 12, 13, 61-67.

The prior litigation ended in a dismissal for several reasons. First, the court determined that the complaint was 33 pages long and contained 115 paragraphs, and many of the allegations in the complaint were conclusory, argumentative, vague, and redundant. *See* Prior Litig. Mem. Op. & Order at 3. The court noted it was often unclear what actions the individual defendants had allegedly taken, and what theories of liability the plaintiff relied upon in her complaint. For example, the court noted the plaintiff's equal protection claim alleged she was treated differently from similarly situated males, but her complaint failed to allege she was a member of an identified class or group or that she was a "class of one." *See id.* Thus, it was unclear what theory the plaintiff was asserting for her equal protection claim.

Additionally, the court noted that Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Further, Rule 8(e) provides that each averment of a pleading "shall be simple, concise, and direct." The court indicated that because of the difficulty of sifting material facts from conclusory or argumentative assertions, and because it was unclear what theories of liability the plaintiff was asserting, the plaintiff's prolix complaint failed to give defendants fair notice of the basis of the claim(s) against them sufficient to allow defendants' to respond. *Id.* at 4 (citing *Leonard v. Standell,* 145 Fed. Appx. 632, 633 (10th Cir. 2005) (unpublished) (quoting *Monument Builders of Greater Kansas city, Inc. v. Am. Cemetery Ass'n of Kansas,* 819 F.2d 1473, 1480 (10th Cir. 1989)). Further, the court stated the complaint fails "to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." *Id.* Thus, the court concluded that to the extent the plaintiff's complaint relied upon 42 U.S.C. Section 1983 as a basis for relief, the plaintiff's complaint should be dismissed, *without prejudice*, under Federal Rule of Civil

Procedure 8.  *Id.*

## DISCUSSION

The plaintiff, having had her complaint dismissed without prejudice once, inexplicably re-filed essentially the same lengthy (28 pages and 121 paragraphs) complaint.  Defendants once again filed a Motion to Dismiss Complaint [Doc. 28] and supporting Memorandum [Doc. 31], making many of the same arguments they made in the prior litigation, as well as relying on the Memorandum Opinion and Order in the prior litigation.  The plaintiff filed her Response in Opposition to Defendants' Motion to Dismiss Complaint [Doc. 37], and the plaintiff's response was limited to her contention that the motion to dismiss should denied because it was untimely.  Plaintiff made no substantive responsive argument to the merits of the defendants' motion.

I.   **DEFENDANTS' MOTION TO DISMISS WAS TIMELY**

In arguing that Defendants' Motion to Dismiss Complaint was untimely, plaintiff points to the Initial Pretrial Report ("IPTR") that was filed in this case on July 13, 2006.  The IPTR provides that all pretrial motions not related to discovery should be filed no later than December 28, 2006.  While that may be true, plaintiff ignores significant developments in this case.  Earlier in this case, the defendants filed a motion to dismiss plaintiff's complaint [Doc. 10], alleging the plaintiff had not perfected service on the defendants.  This court denied the motion on December 14, 2006, and ordered that the plaintiff must effect proper service on the defendants no later than December 29, 2006, and that the defendants would have thirty days from the date of service to answer.  *See* Mem. Op. & Order [No.  20].  According to the Defendants' Reply in Support of Motion to Dismiss, the complaint was served no earlier than December 27, 2006, which date is consistent with the docket entries in the court file.  Based on this court's Memorandum Opinion and Order, the defendants had until January 26, 2007, to answer or otherwise respond to the

complaint. The defendants did just that by filing the instant motion to dismiss--a responsive pleading--on January 16, 2006. The Court therefore concludes that the motion to dismiss was timely filed.

## II.     DISMISSAL UNDER RULE 8 IS APPROPRIATE

Defendants argue that plaintiff's complaint once again does not comply with Rule 8(a) because it is not a simple, concise, and direct complaint, and it does not contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. Furthermore, defendants contend the complaint is lacking in specificity and contains conclusory, argumentative, and vague assertions. The Court agrees. It is particularly surprising that the plaintiff filed this complaint after having been given a second chance after the dismissal of her similar, prior complaint. Because this complaint is not in keeping with the requirements of Rule 8, dismissal is proper.

## III.    PLAINTIFF'S CLAIMS UNDER 42 U.S.C. § 1983

Even if plaintiffs' complaint were in compliance with Rule 8, it suffers from other deficiencies. Plaintiff's claims here, as in the prior litigation, allege as follows: Count I, Denial of Equal Protection; Count II, Deprivation of First Amendment Rights Under Color of State Law (Association); and, Count III, Punitive Damages.

### A.    The Equal Protection Claim

Plaintiff's equal protection claim in the instant case suffers from the same infirmities that were addressed in the order of dismissal in the prior litigation. Although here she once again claims she was treated differently from similarly-situated males, she again does not allege essential facts that demonstrate she is entitled to relief. Plaintiff must allege *facts* sufficient to show she was treated differently from others who are similarly situated. *Gehl Group v. Koby*, 63

F.3d 1528, 1538 (10th Cir. 1995).  Here, plaintiff failed to do so; once again, her complaint contains only conclusory allegations.  Unfortunately for the plaintiff, conclusory allegations are insufficient to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

      **B.**      **The First Amendment Association Claim**

In Count II, Plaintiff alleges that she was retaliated against for her association with Judith Sizemore.  To state a First Amendment retaliation claim under 42 U.S.C. Section 1983, plaintiff must allege facts indicating that she was (1) engaged in constitutionally protected activity, (2) the defendants' actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated in response to the plaintiff's exercise of constitutionally protected conduct.  *Mimics, Inc. v. Village of Angel Fire,* 394 F.3d 836, 847 (10th Cir. 2005) (citing *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000).  Additionally, to state a claim for violation of her First Amendment right of association, plaintiff must allege facts indicating that "political affiliation and/or beliefs were a substantial or motivating factor" behind the adverse employment action and that the employee's position did not require "political allegiance." *See Bass v. Richards*, 308 F.3d 1081, 1090 (10th Cir. 2002).

    Here, plaintiff does not allege any facts that support a claim that she engaged in political association with Ms. Sizemore that led to retaliation against plaintiff.  Once again, plaintiff makes conclusory allegations that she was associated with Ms. Sizemore, and that Ms. Sizemore was an outspoken critic of a certain project.  But plaintiff does not allege facts that demonstrate that the association was political in nature.  Moreover, plaintiff neither makes any connection between the defendants and any opposition to the outspokenness of Ms. Sizemore nor provides

any explanation as to how or why the defendants would want to retaliate against the plaintiff for Ms. Sizemore's outspokenness. Rather, plaintiff makes only conclusory allegations that she was retaliated against for her association with Ms. Sizemore. Plaintiff's allegations are insufficient to state a claim, and her First Amendment claim therefore must be dismissed.

### C. Punitive Damages

Because plaintiff's substantive claims have been dismissed, it follows that her claim for punitive damages found in Count III of her complaint must also be dismissed. *See, e.g.*, *Legg v. Dellavolpe*, 228 F. Supp. 2d 51, 65 n.5 (D. Conn. 2002); *Johnson v. Quality Mfg.*, No. 05-CV-1867 (PJS/JJG), 2007 U.S. Dist. LEXIS 34201, at *33 (D. Minn. May 9, 2007).

### CONCLUSION

**IT THEREFORE IS ORDERED** that Defendants' Motion to Dismiss Complaint is **GRANTED**; Plaintiff's claims in Counts I, II, and III of the complaint are **DISMISSED WITH PREJUDICE**.

Dated this 7th day of September 2007.

                                        **JUDITH C. HERRERA**
                                        **UNITED STATES DISTRICT JUDGE**